IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE CHESTER POWELL, | ) | CASE NO. 5:15 CV 1775 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Joe Chester Powell, for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2]

The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 19. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A. Background facts and decision of the Administrative Law Judge ("ALJ**)

Powell, who was 46 years old at the time of the administrative hearing,[11] graduated high school[12] and has an Associates Degree in Web Graphic Design.[13] He lives alone,[14] and previously worked as a press operator.[15]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Powell had severe impairments consisting of coronary artery

---

[5] ECF # 7.

[6] ECF # 11.

[7] ECF # 12 (Powell's brief), ECF # 16 (Commissioner's brief).

[8] ECF # 13 at 3 (Powell's charts), ECF # 16-1 (Commissioner's charts).

[9] ECF # 13 (Powell's fact sheet).

[10] ECF # 22.

[11] ECF # 13 at 1.

[12] *Id.*

[13] ECF # 10, Transcript ("Tr.") at 57.

[14] *Id.* at 54.

[15] *Id.* at 40.

disease status post myocardial infarction, congestive heart failure, obesity, right inguinal and umbilical hernias (20 CFR 404.1520(c) and 416.920(c)).[16] The ALJ made the following finding regarding Powell's residual functional capacity:

> The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he cannot climb ladders, ropes or Scaffolds or more than occasionally climb ramps or stairs, stoop, kneel, crouch or crawl; he must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants; he must avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights.[17]

The ALJ decided that this residual functional capacity precluded Powell from performing his past relevant work.[18]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Powell could perform.[19] The ALJ, therefore, found Powell not under a disability.[20]

---

[16] *Id.* at 33.

[17] *Id.* at 36.

[18] *Id.* at 40.

[19] *Id*. at 41.

[20] *Id*. at 42.

**B.     Issues on judicial review**

Powell asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Powell presents the following issues for judicial review:

1. Whether the ALJ's decision is not supported by substantial evidence when the hypothetical questions posed to the vocational expert fail to include all of the plaintiff's limitations, including those supported by sources to which the ALJ purports to give great weight.[21]

    a. Whether the ALJ's hypothetical question to the VE failed to include limitations found by BDD examiner Katherine Fernandez, Psy.D. on whom the ALJ purports to place great weight.[22]

The Court finds that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact,

---

[21] ECF #12 at 6.

[22] *Id.*

-4-

if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[23]

**B.  Application of standards**

This case presents the narrow issue of whether substantial evidence supports the ALJ's decision not to find Powell's mental limitations to be severe and thus not to include any mental limitations in the RFC.

The ALJ found that Powell's mental impairment of adjustment disorder "does not cause more than minimal limitation" in Powell's "ability to perform basic mental work activities and is therefore nonsevere."[24] In support of that finding, the ALJ initially noted that Powell has neither sought specialized mental health treatment nor has he reported complaints of "psychologically based symptoms" to any treating sources.[25]

In addition, the ALJ noted that Powell was examined by a state agency consultative psychological examiner, Robert Dallara, Ph.D., who diagnosed Powell as having adjustment

---

[23] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[24] Tr. at 34.

[25] *Id*.

-5-

disorder and assigned him a Global Assessment of Functioning [GAF] score of 60, which is indicative of "moderate" symptoms or functional impairment.[26] The ALJ further observed that Dr. Dallara "identified no specific limitations of [Powell's] abilities to understand, remember and carry out instructions, maintain attention, concentration, persistence or pace and respond appropriately to supervision or coworkers in a work setting."[27] Dr. Dallara added that Powell "may have some problems withstanding stress and pressure" associated with work.[28]

In addition to Dr. Dallara's examination and opinion, the ALJ considered the report from Katherine Fernandez, Psy.D., a state agency reviewer.[29] Her report determined that Powell's anxiety-related disorders resulted in "no more than mild restrictions in his activities of daily living, social functioning or ability to maintain concentration persistence or pace." Moreover, Dr. Fernandez found "no evidence of any episodes of decompensation or establishing the presence of any 'C' criteria."[30]

The ALJ then found that the opinions of Dr. Dallara and Dr. Fernandez were entitled to "great weight."[31]

---

[26] *Id*.

[27] *Id.*

[28] *Id*.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 35.

The ALJ proceeded to examine each of the four broad functional areas of Listing 12.00C, which are known as the "paragraph B" criteria.[32] In these areas - daily living, social functioning, concentration, persistence or pace, and decompensation - the ALJ reviewed the evidence, including the opinions noted above, and found that Powell's mental impairments cause no more than "mild" limitation in the first three functional areas, and that there has been no episodes of decompensation for an extended duration.[33] Thus, Powell's mental impairments were determined to be "nonsevere."[34]

Powell's argument here is that while his mental impairments standing alone may not be severe, the ALJ erred by not considering whether even these non-severe impairments, when taken together with the severe physical impairments, may have contributed to a more restrictive RFC.[35] In particular, Powell points to "mental limitations" found by Dr. Fernandez that should have been incorporated into the hypothetical posed to the ME in this matter.[36]

The severity determination has long been held to be essentially "a *de minimus* hurdle in the disability process."[37] In that regard, the goal of such determination is understood as

---

[32] *Id*.

[33] *Id*.

[34] *Id*.

[35] ECF # 17 at 2.

[36] *Id*. at 2-3.

[37] *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

being to "screen out totally groundless claims."[38] And of particular relevance here, it is well-settled that an impairment will be deemed non-severe "only if it is a slight abnormality that *minimally affects work ability* ...."[39] As was noted in *Strickland v. Astrue,*[40] the Sixth Circuit since *Higgs* "has regularly found substantial evidence to support a finding of no severe impairment if the medical evidence contains no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition."[41]

That said, the fact that an impairment is deemed non-severe at Step Two does not mean that a non-severe impairment may be ignored in subsequent steps of the sequential evaluation. As was discussed by Magistrate Judge Burke in the analogous case of *Mayo v. Astrue*,[42] the Sixth Circuit has held that if there is at least one severe impairment found at Step Two, the ALJ is "to evaluate both the claimant's severe and non-severe impairments during the later steps of the sequential analysis."[43]

---

[38] *Farris v. Sec'y of Health and Human Services*, 773 F.2d 85, 89 (6th Cir. 1985).

[39] *Higgs,* 880 F.2d at 862 (emphasis added).

[40] *Strickland v. Astrue*, No.1:12CV301, 2012 WL 5290296 (N.D. Ohio Oct. 25, 2012)(Limbert, M.J.).

[41] *Id.* at * 7 (collecting cases).

[42] *Mayo v. Astrue*, No.1:11CV2748, 2012 WL 6093920 (N.D. Ohio Nov. 5, 2012)(Burke, M.J.).

[43] *Id.* at *10 (citing *Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987).

In *Mayo*, as here, the ALJ determined that the claimant's mental impairment - in that case, depression - was not severe.[44] Also as here, the ALJ arrived at that decision by considering the report of a state agency consulting psychologist and then by considering the claimant's situation in light of the four broad functional areas of Listing 12.00C and finding that the claimant had only mild limitations in any of the first three areas and no episodes of decompensation.[45]

But, as pointed out by Magistrate Judge Burke, the ALJ in *Mayo* erred by not discussing the specific findings of the claimant's physician as well as the state agency reviewer in formulating the RFC.[46] In particular, *Mayo* observed that the moderate limitations found by these sources concerning the claimant's interacting with others and responding appropriately to criticism both created a "reasonable doubt" as to whether the depression was more than a *de minimus* work limitation and resulted in error when "the ALJ did not factor any limitations relative to Mayo's depression into the RFC analysis or explain his reasons for declining to do so."[47]

Here, the state agency consultative psychological examiner expressly noted that Dr. Dallara's examination of February 2012 noted intelligence in the low average range and

---

[44] *Id.*

[45] *Id.*

[46] *Id.* at *11.

[47] *Id.*

-9-

Powell's inability to count by 3s, as well as only "fair" ability at serial subtraction.[48]  Dr. Dallara himself stated that Powell, due to his adjustment disorder, "may have some problems withstanding stress and pressure associated with day-to-day work activity."[49]  Indeed, as noted above, the ALJ made mention of these findings in the opinion.

Yet, the ALJ did not discuss these findings when formulating the RFC, which contains no provisions concerning stress or pressure, nor any explanation as to why no such provisions were made.  As such, despite a finding that Powell's mental impairment was not severe, the ALJ failed in not considering the undisputed evidence of Powell's difficulty with stress and pressure in a work setting when formulating the RFC, or at least explaining why this finding has no bearing on the RFC.[50]

## Conclusion

For the reasons stated, I find that the decision of the Commissioner in this case is not supported by substantial evidence, and, therefore, it must be reversed with the matter remanded for further proceedings consistent with this opinion.

Dated: September 26, 2016                           s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[48] Tr. at 97.

[49] *Id*. at 356.

[50] *See, Mayo*, 2012 WL 6093920, at *11.